

# The Attorney General of Texas

October 22, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-368

Re:    Whether a ticket-vending
computer terminal which merely
dispenses tickets is a "gambling
device" under chapter 47 of the
Penal Code, and related questions

Dear Senator Mauzy:

You ask whether the PAT-2000, a ticket-vending computer terminal
is a "gambling device" under sections 47.01(3) and 47.06 of the Texas
Penal Code. You also ask whether subsections (a) and (b) of 47.06,
which set forth the elements of the crime of possession of a "gambling
device," are unconstitutionally vague.

Section 47.06 provides, in part:

(a) A person commits an offense if he
knowingly owns, manufactures, transfers, or
possesses any gambling device that he knows is
designed for gambling purposes or any equipment
that he knows is designed as a subassembly or
essential part of a gambling device.

(b) A person commits an offense if, with the
intent to further gambling, he knowingly owns,
manufactures, transfers commercially, or possesses
any altered gambling equipment that he knows is
designed for gambling purposes or any equipment
that he knows is designed as a subassembly or
essential part of such device.

Section 47.01(3) provides:

'Gambling device' means any mechanical contri-
vance that for a consideration affords the player
an opportunity to obtain anything of value, the
award of which is determined by chance, even
though accompanied by some skill, whether or not
the prize is automatically paid by the con-
trivance.

Application of these provisions depends upon the physical characteristics of the particular object or device in question. See Attorney General Opinions MW-168 (1980); H-1153 (1978); H-940 (1977). Syntech PAT-2000 computer terminals are known as "transaction processing equipment." The technical information submitted to us shows that they record transaction information and distribute tickets. The PAT-2000 is capable of dispensing a wide range of products, such as airline tickets, entertainment tickets, and money orders. It is similar in function to the automatic teller machines which are now in use across the state. Nevertheless, many of the PAT-2000 terminals which are presently produced in Texas are manufactured to produce tickets which are used in the New York State Lottery. Because the PAT-2000 terminal contains no data base for lottery tickets, however, the tickets cannot actually be dispensed until it is connected to the main computer in New York.

The statutory definition of "gambling device" requires, among other things, proof that the award of a thing of value by the device be "determined by chance, even though accompanied by some skill." Penal Code §47.01(3); Attorney General Opinions MW-168 (1980); H-1153 (1978). Thus, even if the PAT-2000 was designed specifically for a purpose, such as a lottery, which would constitute an offense in Texas, the offenses described in subsections (a) and (b) of section 47.06 require proof that the machine in question is itself a "gambling device" or subassembly of a "gambling device" within the meaning of section 47.01(3). See Attorney General Opinion MW-168 (1980).

The foregoing description of the PAT-2000 demonstrates that its sole function is to dispense tickets. Once the terminal is connected with the main computer in New York, the tickets dispensed by the PAT-2000 will have state lottery numbers on them. The element of chance, however, is added in an entirely separate process and is not an essential element of the product at issue. The element of chance occurs in the lottery drawing, not in the transfer of a lottery ticket. Although the actual sale or possession of lottery tickets in Texas is an offense, see Penal Code §§47.03(a)(5), 47.07(a), we deal here only with the narrow question of whether the PAT-2000 is a "gambling device" per se.

Consequently, based on the information about the PAT-2000 submitted in connection with your opinion request, we conclude that the essential element of chance is not present in the PAT-2000 terminal. We note that although the element of chance may be temporarily removed by "disabling" a device, this will not prevent it from being a "gambling device." See Attorney General Opinion H-940 (1977). This is not, however, relevant to the case at hand because the PAT-2000 contains no element of chance and need not be "disabled."

We do not believe that the legislature intended to include within "gambling device," a terminal which is capable only of dispensing tickets. The legislature intended section 47.01(3) to reach devices

such as slot machines and roulette wheels.  See Practice Commentary to section 47.01 (suggesting that a "mechanical contrivance" may also be required by the definition).

In light of this conclusion, we do not reach your second question of whether the void-for-vagueness doctrine prevents application of section 47.01(3) and subsections (a) and (b) of section 47.06 to the PAT-2000 terminal.

## S U M M A R Y

A "gambling device," as defined in section 47.01(3) in conjunction with subsections (a) and (b) of section 47.06, does not apply to the Syntech PAT-2000, a ticket-vending computer terminal which merely dispenses tickets.  Such a device lacks the element of chance essential to a "gambling device" under section 47.01(3).

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk